IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ISAAC JEROME SMITH,
    Petitioner,

vs.                                         Case No. 3:13cv170/MCR/CJK

UNITED STATES OF AMERICA,
    Respondent.

---

# ORDER and
# REPORT AND RECOMMENDATION

Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 4), and a motion to proceed *in forma pauperis* (doc. 5). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the United States Penitentiary in Lompoc, California, is currently serving a sentence imposed by this Court in *United States v. Smith*, Case Number 3:06cr26. (Doc. 4, p. 2). In Case No. 3:06cr26, petitioner was convicted, pursuant to his guilty plea, of Possession of Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Petitioner's indictment

listed four prior felonies. (Case No. 3:06cr26, Doc. 1). The prior felonies were also listed separately in a corrected notice of enhancement information. (Case No. 3:06cr26, Doc. 5). Petitioner's plea proceeding was largely unremarkable. Petitioner was advised of his rights and the potential sentence range he faced, with and without prior felony convictions. (Case No. 3:06cr26, Doc. 35). The district court questioned petitioner about his criminal history and whether he was the person named in the government's notice of enhancement as having received the listed convictions. Petitioner agreed that he was. (*Id.* at p. 20). Petitioner was determined to be an Armed Career Criminal subject to sentencing under 18 U.S.C. § 924(e). (*See United States v. Smith*, Case Number 3:06cr26, Judgment at Doc. 21). Petitioner's statutory maximum penalty under the Armed Career Criminal Act ("ACCA") was life imprisonment. (Case No. 3:06cr26, Docs. 16, 35; *see also* Doc. 119). Petitioner was sentenced on July 13, 2006, to 294 months imprisonment followed by 5 years of supervised release. (Case No. 3:06cr26, Doc. 21).

Petitioner appealed, raising two issues: (1) the district court erred by finding that his possession of the ammunition was "in connection with" another felony, within the meaning of U.S.S.G. § 2K2.1(b)(5); and (2) the district court erred under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), by enhancing his sentence based on facts not proven to a jury beyond a reasonable doubt and sentencing him under a mandatory Guidelines system. *United States v. Smith*, 480 F.3d 1277, 1278 (11th Cir.), *cert. denied*, 552 U.S. 872, 128 S. Ct. 175, 169 L. Ed. 119 (2007). Petitioner conceded on appeal that his prior convictions were of the type and seriousness so as to render him eligible for enhancement under the ACCA. *Id.* at 1278 n.1. The Eleventh Circuit affirmed the judgment and sentence on March

19, 2007. *Id*.

Petitioner collaterally attacked his conviction under 28 U.S.C. § 2255, raising five grounds of ineffective assistance of counsel. (Doc. 4, p. 3; *see also* Case No. 3:06cr26, Doc. 68). This Court denied the motion on June 4, 2009. (*See* Case No. 3:06cr26, Docs. 91, 92). The Eleventh Circuit denied a certificate of appealability. (Case No. 3:06cr26, Doc. 119).

In this habeas action, petitioner challenges his 2006 judgment of conviction and sentence on the following grounds: (1) "Factual and Actual Innocence of the Underlying Offense, and Factually Innocence [sic] of the Interstate Commerce of Offense"; (2) "Actual Innocence of the 2K2.1(b)(5) Four-Level Enhancement"; (3) "Actual Innocence of the ACCA 15 Year Enhancement"; and (4) "The District Court Had No Jurisdiction to Convict and No Jurisdiction to Sentence Mr. Smith". (Doc. 4, pp. 7-55). As relief, petitioner asks this Court to "grant an evidentiary hearing to determine the facts in dispute" and to "set aside the conviction or allow the petitioner to withdraw his plea of guilty. . . .". (*Id*., p. 55).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d

1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944. A federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Once a petitioner has filed his initial § 2255 motion, he is barred from making a second or successive motion except in two carefully delineated circumstances, neither of which applies here. *See* 28 U.S.C. § 2255(h) (requiring the court of appeals to certify the existence of either newly discovered evidence or a new rule of retroactively applicable constitutional law before a petitioner can file a second or successive § 2255 petition). In addition, pursuant to § 2255(e), the so-called "savings clause," a prisoner may file a § 2241 petition if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained it if appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

*Case No: 3:13cv170/MCR/CJK*

court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 2979)). "The applicability of the savings clause is a threshold jurisdictional issue. . . ." *Williams v. Warden, Fed. Bureau of Prisons*, — F.3d —, 2013 WL 1482283, at *4 (11th Cir. Apr. 11, 2013)

Petitioner's claims, in more detail, are: (1) that he is actually innocent of the offense for which he was convicted because he did not admit that the ammunition he possessed traveled in or affected interstate commerce, which was a necessary element of the offense; (2) that he is actually innocent of the 2K2.1(b)(5) four-level enhancement because his possession of the ammunition was not "in connection with" another offense; (3) that he is actually innocent of the ACCA 15-year enhancement because he did not admit that the ammunition he possessed traveled in or affected interstate commerce, and his conviction was obtained through an unknowing and involuntary guilty plea; and (4) that the district court lacked jurisdiction to convict and sentence him because an element of the offense was that the ammunition traveled in or affected interstate commerce and he did not admit, nor was there proof of, that element, and the district court improperly determined that he could be convicted of the offense without his admitting that fact. Petitioner attempts no explanation as to why the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. (Doc. 4, p. 6).

The matter of petitioner's guilt was either waived by his guilty plea or, if not waived, could have been raised on direct appeal or in his first § 2255 motion.

Petitioner's sentencing claims either were, or could have been, raised on direct appeal or in his first § 2255 motion. Petitioner was not convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent, and none of his sentencing claims rest upon a "circuit law-busting, retroactively applicable Supreme Court decision." *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999). Petitioner is attempting to use § 2241 simply to escape the restriction on second or successive § 2255 motions.

A § 2241 habeas petition may not be used to avoid the restrictions on second or successive § 2255 motions when a prisoner could have, but failed to raise the claim at an earlier stage. *Wofford*, 177 F.3d at 1245 (reiterating that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *Turner*, 709 F.3d at 1334 ("Section 2255(e)'s 'savings clause does not cover sentence claims that could have been raised in earlier proceedings.'") (*quoting Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011)); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008) ("[A] prisoner may not avoid [the] gatekeeping [provisions] under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a [conviction or] sentence."); *Darby*, 405 F.3d at 945 ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241."). Actual innocence does not establish entitlement to proceed under the savings clause; it is only considered "[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceeding. . . ." *Wofford*, 177 F.3d at 1244 n.3 (citation omitted).

As petitioner has not demonstrated entitlement to pursue habeas corpus relief,

he should not be permitted to bring his claims by § 2241.

Accordingly, it is ORDERED:

Petitioner's motion to proceed *in forma pauperis* (doc. 5) is GRANTED.

And it is respectfully RECOMMENDED:

1. The amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 4), be DISMISSED for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under that section.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of May, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).